**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | Case No. 3:15-CR-00038-RCJ-WGC |
| vs. | **ORDER** |
| LEE OROZCO, | |
| Defendant. | |

Defendant requests this Court recommend to the Bureau of Prisons (BOP) that he spend the remainder of his sentence in home confinement because of COVID-19. Because he has neither shown a likelihood of contracting the disease while incarcerated nor that the disease would make him severely ill, the Court denies the motion.

**FACTUAL BACKGROUND**

Defendant is thirty-one years old and lacks any serious health problems. (Presentence Rep. at 2, 13.) He is currently serving a thirty-three-month sentence for violating 18 U.S.C. §§ 922(g)(1), 924(a)(2). (ECF No. 35.) Defendant has been previously convicted for a number of nonviolent crimes (both felony and misdemeanor), including theft, driving under the influence, and other drug-related offenses. (Presentence Rep. at 5–10.)

Defendant is incarcerated in FCI Sheridan with a projected release date of September 7, 2020. *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited on June 2, 2020). FCI Sheridan does not appear to have any confirmed active cases of COVID-19. *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited June 2, 2020) (failing to list FCI Sheridan as a facility affected by COVID-19).

## LEGAL STANDARD

The BOP has discretion to designate the facility in which a prisoner serves his sentence. 18 U.S.C. § 3621(b). In making this determination, the BOP must consider five factors, one of which is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." *Id.* § 3621(b). The BOP may allow a prisoner to serve the last 10% or six months of his sentence, whichever is less, in home confinement and "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2).

Combining these statutes, courts have held that they may recommend that the BOP allow an eligible defendant to serve his sentence in home confinement. *See, e.g.*, *United States v. Miranda*, No. 3:16-CR-00250-GPC, 2017 WL 3219941, at *3 (S.D. Cal. July 28, 2017) (recommending home confinement).[1] A court may make such recommendations at any time. *See United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).

---

[1] The proposition that the BOP must consider such a recommendation is dubious. While Congress ordered the BOP to consider court recommendations about the most appropriate "penal or correctional facility" in § 3621(b), it failed to include "home confinement" in this provision. Rather, a separate statute, § 3624(c)(2), governs the BOP's authority to place an inmate in home confinement, which does not include such a mandate. Indeed, a court's recommendation of home confinement seems pointless as § 3624(c)(2)—unlike the BOP's discretion in choosing a correctional facility under § 3621(b)—mandates, "to the extent practicable," home confinement for "prisoners with lower risk levels and lower needs . . . for the maximum amount of time permitted under this paragraph." *See United States v. Phelps*, No. 2:13-CR-83-JCM-CWH, 2019 WL 2291454, at *2 (D. Nev. May 29, 2019) ("[T]he plain language of [§ 3624(c)(1)] directs the BOP, not the court, to ensure that eligible prisoners are afforded home confinement relief . . . .").

## ANALYSIS

Even though the Government does not oppose the motion, the Court declines to recommend the BOP allow Defendant to spend the rest of his prison sentence in home confinement. Assuming, *arguendo*, that the BOP must consider the Court's recommendation and that Defendant is eligible to serve the remainder of his sentence in such a manner, the Court finds the basis for his request inadequate. He only bases this request on the ongoing pandemic of COVID-19, but he is not at risk of becoming severely ill from COVID-19. *See Coronavirus Disease 2019 (COVID-19): Groups at Higher Risk for Severe Illness*, Ctr. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 2, 2020). He further fails to show that he is more likely to get the disease, while incarcerated because it appears that COVID-19 has not even reached his facility.

In declining to make this recommendation, the Court is also not recommending against home confinement—rather, the Court is merely recognizing the fact that the BOP, not this Court, is in the best position to make this determination. The statute identifies three elements to consider in determining whether to place an inmate in home confinement: home confinement is practicable, the inmate qualifies as "lower risk level[]," and the inmate has "lower needs." The information required to make this determination, in this case, is not available to the Court.

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion for Judicial Recommendation for Transfer to Home Confinement (ECF No. 38) is DENIED.

IT IS SO ORDERED.

Dated June 8, 2020.

_____
ROBERT C. JONES
United States District Judge